

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

DEC 20 2002

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

KATHY WEBB, on behalf of herself and
all others similarly situated,                                          **PLAINTIFF**

VS.                          NO. 5-02-CV-00478 WRW

This case assigned to District Judge _Wils_
and to Magistrate Judge _Cavane_

AMERICAN INTERNATIONAL GROUP, INC.,
AMERICAN INTERNATIONAL SOUTH INSURANCE
COMPANY, and GRANITE STATE INSURANCE COMPANY          **DEFENDANT**

## NOTICE OF REMOVAL

Defendants, American International South Insurance Company ("AIG South") and

Granite State Insurance Company ("Granite"), by its attorneys, Mitchell, Williams, Selig, Gates,

& Woodyard, P.L.L.C., in support of their Notice of Removal of the above-captioned action to

the United States District Court for the Eastern District of Arkansas, Pine Bluff Division, from

the Circuit Court of Jefferson County, Arkansas, respectfully submit that:

1.       On November 22, 2002, Plaintiff served on the Insurance Commissioner a

Summons to Defendant Granite State Insurance Company and Complaint in the action captioned

*Kathy Webb v. American International Group, et. al,* Jefferson County Arkansas Circuit Court

No. CV-2002-952-2. A copy of the Summons and Complaint are attached hereto as Exhibit "A."

The Summons and Complaint were mailed to Granite on November 25, 2002. No further

proceedings have been had therein.

2.       On December 16, 2002, Plaintiff served on the Insurance Commissioner a

Summons to Defendant AIG South and Complaint in the action captioned *Kathy Webb v.*

*American International Group, et. al,* Jefferson County Arkansas Circuit Court No. CV-2002-952-2. The Summons and Complaint were mailed to AIG South on December 17, 2002, however, AIG South has not received the Summons and Complaint.

2.      Plaintiff, Kathy Webb, is a citizen of the state of Arkansas.

3.      Granite is a Pennsylvania corporation with its principal place of business in New York, New York.

4.      AIG South is a Pennsylvania corporation with its principal place of business in New York, New York.

5.      American International Group, Inc. ("AIG") is a Delaware corporation with its principal place of business in New York, New York.

6.      This action is being removed to federal court pursuant to 28 U.S.C. § 1332(a) in that one of the objects of the litigation is injunctive relief, the value of which is well in excess of $75,000, and the value of what Defendants stand to lose as a result of the requested damages and injunctive relief exceeds $75,000.  The action is also between citizens of different states. Therefore, removal of this action to U.S. District Court is proper pursuant to 28 U.S.C. § 1441(a).

7.      This Notice of Removal is being filed within the time period required by 28 U.S.C. §1446(b).

8.      Written notice of the filing of the Notice of Removal will be given to the adverse party as required by law.

9.      A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court for Jefferson County, Arkansas, as provided by law.

10. To the best of Defendants knowledge, the remaining defendant, American International Group, Inc. ("AIG"), has not been served and, therefore, consent to removal by AIG is unnecessary.

WHEREFORE, Defendant respectfully removes this action from the Circuit Court for Jefferson County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Pine Bluff Division.

Respectfully submitted,

MITCHELL, WILLIAMS, SELIG
GATES & WOODYARD, P.L.L.C.
425 West Capitol Ave., Suite 1800
Little Rock, Arkansas 72201
(501) 688-8800

By_____
Byron Freeland
Bar I.D. No. 72039
Leigh Anne Shults
Bar I.D. No. 93106

Attorneys for Defendants American International South Insurance Company and Granite State Insurance Company

3

## CERTIFICATE OF SERVICE

I, Leigh Anne Shults, certify that a copy of the foregoing was sent via first-class mail on this 20th day of December, 2002 to:

Tom Thrash
ATTORNEY AT LAW
1101 Garland Street
Little Rock, AR 72201

Dewitt M. Lovelace
LOVELACE LAW FIRM, P.A.
36474 Emerald Coast Parkway, Suite 4202
Destin, FL 32541

Don Barrett
BARRETT LAW OFFICE, P.A.
404 Court Square North
P.O. Box 987
Lexington, MS 39095

Charles Barrett
BARRETT LAW OFFICE, P.A.
3319 West End Avenue, Suite 600
Nashville, TN 37203

_____
Byron Freeland

# ARKANSAS INSURANCE DEPARTMENT
## 1200 West Third Street
## Little Rock, Arkansas 72201-1904

RECEIVED

**TO:  Granite State Insurance Company**

Gentlemen:

Enclosed please find process (Summons and Complaint) served on me the 22nd day of November, 2002, in the case of:

**Kathy Webb**                                    **PLAINTIFF**

vs.                          **Case No. CV-2002-952-2**

**Granite State Insurance Company**              **DEFENDANT**

Filed in the State of Arkansas, Circuit Court of Jefferson County, on the 30th day of October, 2002.

You must file a response therein within thirty (30) days after the date upon which service is perfected. Service shall be perfected at the earliest of: (1) the date the insurer receives it in the mail or (2) the date on the return receipt signed by the insurer. (See Bulletin 03-2002, enclosed.)

Please acknowledge receipt hereof by return mail.

Yours very truly,

*Mike Pickens*                479

Mike Pickens/jj
Insurance Commissioner

Filed and received on the
22nd day of November, 2002.
Mailed this 25th day of
November, 2002, by **CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED**
# 7001 2510 0007 4025 4156

AMERICAN HOME/CLAIMS LITIGATION

RECEIVED

**TO:  Granite State Insurance Company**
Attn: Kenneth V. Harkins
American International Cos.
160 Water Street, 24th Floor
New York, NY 10038

Rev. 02-25-2002



EXHIBIT
A

Dec-20-02 01:21pm   From-BAKER & HOSTETLER LLP                3038617805        T-848   P.03    F-158

Dec-19-2002 12:58pm   From-                                                    T-787   P.005/020   F-062

## IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ARKANSAS

*Judge Tay*

| | |
|---|---|
| KATHY WEBB, on behalf of herself and all others similarly situated, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CV-2002-952-2 |
| | ) |
| AMERICAN INTERNATIONAL GROUP, INC., AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY and GRANITE STATE INSURANCE COMPANY, | ) Jury Trial Demanded |
| | ) |
| Defendants. | ) |

RECEIVED
DEC 3 2002

## CLASS ACTION COMPLAINT

Plaintiff Kathy Webb, through counsel, on behalf of herself and all other persons similarly situated throughout the United States, alleges as follows upon information and belief:

### INTRODUCTION

1.     Defendants American International Group, Inc. ("AIG"), American International South Insurance Company ("AISI") and Granite State Insurance Company ("Granite State") (collectively, "Defendants"), acting as juridically linked entities pursuant to agreements among themselves, as each other's agents, as alter egos, and/or as co-conspirators, coordinated to implement a single scheme by which they deceived Plaintiff and Class members into purchasing higher priced private passenger auto insurance policies by concealing from them the availability of lower priced policies that are identical in coverage and service and that differ only in price.

FILED IN MY OFFICE AND SUMMONS
ISSUED AT 3:00 O'CLOCK __M
10-30-02 DATE
JEANETTE HENCE, CLERK
Louis _____, DC

10-30

2.      In Arkansas and elsewhere, Defendants sell identical auto insurance at multiple prices concealing the availability of the lower priced policies from persons who purchased identical higher priced coverage.

3.      The difference in the price of the multiple priced policies sold to persons in the same risk class does not relate to underwriting factors. Consumers who are in the same risk group are sold higher priced policies and Defendants conceal the availability of lower priced polices offering identical coverage and service. Defendants systematically and uniformly concealed this fact from Plaintiff and the Class.

4.      Typically, Defendants utilize one "company" to sell only one type of policy either at a high price or low price. Defendants' authorized agents choose whether to sell each consumer a high-priced or low-priced policy. Defendants know how their insurance is sold, and they facilitated, promoted, and created the concealment scheme, in part by selling the same insurance through purportedly distinct affiliates.

5.      Plaintiff and Class members, all of whom purchased a higher priced policy, paid substantially more for identical coverage and policyholder service than they would have paid if the Defendants had disclosed the availability of the identical lower priced policy.

6.      Defendants exercise control over the sales process. For example, authorized agents sell Defendants' auto insurance products through the use of computer software developed and provided by Defendants.

7.      Defendants' software requires Defendants' agents to submit information pertaining to underwriting criteria (e.g., prospective policyholders name, address, age, driving record) when qualifying a potential customer for Defendants' auto insurance policies.

-2-

8.     At the conclusion of the underwriting criteria input process, Defendants' software enables its agents to quote multiple premiums for insurance policies that provide identical coverage and policyholder service, and differ only in price.

9.     These multiple premium quotes correspond to Defendants' higher and lower priced policies.

10.    Plaintiff and Class members received no benefit whatsoever in exchange for paying the higher premiums that Defendants established for the higher priced policies.

11.    Plaintiff and Class members have been proximately harmed, and Defendants have been unjustly enriched, by Defendants' deceptive and unlawful scheme.

### PARTIES, JURISDICTION AND VENUE

12.    Plaintiff Kathy Webb resides in Pine Bluff, Jefferson County, Arkansas.

13.    During the relevant time period, and as a result of Defendants' scheme, Ms. Webb was insured under a Granite State auto insurance policy, policy No. AIG 9629023. Defendants have a copy of this policy.

14.    Each year for at least the past five (5) years, Defendants sold Plaintiff her Granite State insurance policy without disclosing to her the availability of a less expensive AIG auto policy offering identical coverage and policyholder service.

15.    At no time did Defendants disclose to Plaintiff that she could have paid substantially less for her auto insurance.

16.    Defendants Granite State and AISI are Pennsylvania corporations doing business throughout the nation, including Arkansas.

-3-

Dec-20-02  01:22pm  From-BAKER & HOSTETLER LLP          3038617805          T-849  P.06/18  F-158

Dec-13-2002  12:58pm  From-                                              T-787  P.008/020  F-082

17.     Defendant American International Group, Inc. is a foreign corporation with its principal place of business at 70 Pine Street, New York, New York.  AIG wholly owns Defendants Granite State and AISI.

18.     Defendants are all juridically linked through contracts governing their management and control, through which the scheme described herein has been implemented.

19.     Defendants, acting as juridically linked entities pursuant to agreements among themselves, as each other's agents, as alter egos, and/or as co-conspirators author every Granite State, AISI and AIG auto insurance policy sold throughout the United States.

20.     Defendants, acting as juridically linked entities pursuant to agreements among themselves, as each other's agents, as alter egos, and/or as co-conspirators developed and implemented the premium and commission structure for the sale of every Granite State, AISI and AIG auto insurance policy throughout the United States.

21.     Defendants, acting as juridically linked entities pursuant to agreements among themselves, as each other's agents, as alter egos, and/or as co-conspirators appoint, train and supervise their agents who sell Granite State, AISI and AIG auto insurance.

22.     Defendants, acting as juridically linked entities pursuant to agreements among themselves, as each other's agents, as alter egos, and/or as co-conspirators manage and control the operation of Granite State, AISI and every AIG subsidiary and affiliate throughout the United States.

23.     Defendants, acting as juridically linked entities pursuant to agreements among themselves, as each other's agents, as alter egos, and/or as co-conspirators create and discontinue subsidiaries, as necessary, to facilitate the sale of identical AIG auto insurance policies at multiple

-4-

Dec-20-02  01:22pm   From-BAKER & HOSTETLER LLP          3038617805          T-849  P.07/18  F-158

Dec-13-2002  12:58pm  From-                                                   T-797  P.008/020  F-062

prices. For example, Defendants have used designations such as "prime" and "select" for its higher priced and lower priced policies, respectively.

24.     Plaintiff alleges on information and belief, that many of the affiliates used have few or no employees or offices separate or apart from the managing or lead company and are instead mere constructs established to facilitate Defendants' multiple price point scheme.  As described herein, they are agents, alter egos and/or co-conspirators of AIG.

25.     At all times relevant to this lawsuit, Defendants acted in concert with each other, and with other AIG subsidiaries and affiliates to deceive and harm Plaintiff and Class members through the unlawful scheme of deception described herein.

26.     In committing the unlawful acts described herein, Defendants' appointed authorized agents acted within the scope and course of the authority expressly granted by AIG.

27.     At all times relevant to this lawsuit, there has been such unity of interest between Defendants and among AIG subsidiaries and affiliates that their separate identities exist solely to carry out the deceptive and unlawful scheme described herein.

28.     At all times relevant to this lawsuit, Defendants participated in the scheme alleged herein in cooperation with and as agents and instrumentalities of one another for the purpose of deceiving and harming Plaintiff and Class members as described herein.

29.     Defendants have pursued a common plan, design, and course of conduct, acted in concert with, aided and abetted, and otherwise conspired with one another, in furtherance of their common design or scheme to defraud Plaintiff and Class members as described herein.

30.     This Court has jurisdiction over this proceeding as part of the wrongful activity alleged herein occurred in the state of Arkansas.

-5-

Dec-20-02  01:22pm   From-BAKER & HOSTETLER LLP            3038617805        T-849  P.08/18  F-158

Dec-19-2002  12:59pm   From-                                              T-787  P.010/020  F-062

31.    Venue is proper in this Court because (1) the transaction giving rise to Plaintiff's claims occurred, in part, in Jefferson County; (2) Plaintiff resides in Jefferson County; and (3) Defendant operates and transacts business in Jefferson County.

32.    The total amount in controversy as to Plaintiff and each individual member of the Class does not exceed $74,999 each. the Plaintiff and each member of the Class waive any claim in excess of $74,999 each or which would result in compensation, recovery or judgment against the Defendants in excess of $74,999 each for each Plaintiff and Class Member. There is no federal diversity jurisdiction. The claims asserted by Plaintiff and the Class invokes no federal question or statute and federal law does not preempt Plaintiff's state law causes of action. Plaintiff states and intends to state causes of actions solely under state law and expressly denies any attempt to state a cause of action under federal law or a cause of action in excess of $74,999 for Plaintiff and each individual member of the Class.

### CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this class action pursuant to Rule 23 of the Arkansas Rules of Civil Procedure on behalf of a class (the "Class") consisting of:

> All persons who purchased a private passenger auto insurance policy from AIG, Granite State, AISI or any AIG subsidiaries, affiliates or authorized agents, who were eligible to purchase identical AIG auto insurance at a lower price from October 29, 1997 to the present (the "Class Period").

34.    Excluded from the Class are all present and former agents of Defendants during the Class Period; all present and former employees of Defendants during the Class Period; any Class member who timely elects to be excluded from the Class; and the judge to whom their case is assigned, and any member of his or her immediate family.

-6-

35.     Throughout the Class Period, and as of the present date, Defendants had and have the administrative ability, through their computer systems and other records, to identify all members of the Class.

36.     Plaintiff alleges that all Class members sustained injury in fact as a proximate result of the unlawful scheme alleged herein, including the injury of paying a higher price for insurance than they would have paid had Defendants disclosed the availability of lower priced policies, providing identical coverage and policyholder service.

37.     Plaintiff is a member of the Class described herein. As a result of Defendants' failure to disclose and make available to Plaintiff their lowest available price for auto insurance, Plaintiff purchased a higher priced Granite State insurance policy each year for at least the last five (5) years. Defendants sold to Plaintiff a higher priced auto insurance policy without informing Plaintiff of the availability of the exact same insurance policy at a lower price.

38.     This action is properly brought as a class action under Rule 23. Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The exact number of Class members is unknown, but can be determined from Defendants computerized and other records. Plaintiff reasonably estimates and believes that there are thousands of persons in the Class. Although Plaintiff does not presently know the names of all Class members, their identities and addresses can be readily ascertained from Defendants' records.

39.     There are numerous and substantial questions of law and fact common to all of the members of the Class that control their litigation and that predominate over any individual issues. Defendants designed and implemented the sales program involving its auto insurance policies and concealed from their policyholders any disclosure of the programs available to the policyholder or

-7-

the availability of less expensive auto insurance policy products, whereby the policyholder could receive the same auto insurance policy for substantially less money. The common questions raised by Plaintiffs claims include:

   a.   Whether Defendants have a duty to disclose to consumers the lowest available price for Defendants' auto insurance;

   b.   Whether Defendants developed and carried out a scheme to conceal from consumers the lowest available price for Defendants' auto insurance;

   c.   Whether Defendants induced their authorized agents to conceal from consumers the lowest available price for Defendants' auto insurance;

   d.   Whether Defendants failed and refused to train, supervise, monitor and discipline their authorized agents who concealed from consumers the lowest available price for Defendants' auto insurance.

   e.   Whether Defendants disseminated insurance applications that did not disclose to consumers the option of paying lower premiums for identical policies;

   f.   Whether Defendants implemented a scheme designed to conceal the availability of lower priced policies for identical coverage;

   g.   Whether Defendants sold auto insurance policies and did not disclose to consumers the option of paying lower premiums for identical coverage;

   h.   Whether the conduct of Defendants, as described herein, supports Plaintiff's claims for fraud, deceptive practices, unjust enrichment, conversion and conspiracy; and

   i.   Whether the Class is entitled to compensatory and punitive damages, injunctive relief, or other equitable relief against Defendants.

40.   Plaintiff's claims are typical of those of the Class. Defendants concealed from Plaintiff and Class members the availability of different premium options for policies offering identical coverage and policyholder service. By failing to disclose and intentionally concealing material facts, Defendants kept Plaintiff and Class members unaware of their deception.

-8-

41.    Plaintiff has no interests adverse to those of Class members.  Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced and competent in the prosecution of class actions and complex litigation, including litigation involving auto insurance policies.

42.    A class action is superior to other available methods for the fair and efficient adjudication of their litigation as it provides the only reasonable means of relief because Defendants have concealed their conduct from Class members and, absent certification, Class members will not be aware of their rights to relief.  Absent a class action, Class members would be required to litigate multiple individual claims presenting common, duplicative evidence of Defendants' sales program, including the common omissions and misrepresentations described herein, which could be avoided by using the class mechanism.  Further, costs of individual litigation would be prohibitive to Class members.  Even if individual Class members were able to afford such individual litigation, it would be unduly burdensome to Class members and the Courts in which the individual litigation would proceed.  Class treatment of the claims alleged herein will be manageable because there is common evidence of Defendants' deceptive sales program and a limited number of factual and legal issues common to all Class members.

43.    Accordingly, class certification is appropriate under Rule 23 because common issues of law and fact regarding Defendants' deceptive sales of auto insurance policies predominate over individual issues, and class certification is a superior method of resolving those claims.

-9-

Dec-20-02  01:23pm   From-BAKER & HOSTETLER LLP          3038617805          T-848   P.12/18   F-158

Dec-13-2002  12:59pm   From-                                              T-787   P.014/020   F-082

## COUNT I

### STATUTORY DECEPTIVE PRACTICES

44.     Plaintiff incorporates by reference each of the allegations contained in the preceding paragraphs as if fully set forth herein.

45.     Defendants' practice of concealing and failing to disclose to consumers the availability of lower priced insurance furnishing the same coverage as Defendants' higher priced policies described herein constitutes a violation of the statutory deceptive practices acts of various states. Defendants' practices constitute an unfair or deceptive act or practice occurring in a trade or business.

46.     Defendants' practice of concealing and failing to disclose to consumers the existence of lower priced insurance furnishing the same coverage as Defendants' higher priced policies affects the public interest in that Defendants' wrongful conduct has the capacity to deceive a substantial portion of the public.

47.     Defendants' practices described herein caused Plaintiff and the Class to suffer injury and damage.

## COUNT II

### FRAUDULENT CONCEALMENT

48.     Plaintiff incorporates by reference each of the allegations contained in the preceding paragraphs as if fully set forth herein.

49.     Defendants practice of concealing and failing to disclose to consumers the existence of lower priced insurance furnishing the same coverage as Defendants' higher priced policies was a uniform and active concealment and failure to disclose material facts to Plaintiff and Class

-10-

members, with the intent that Plaintiff and Class members rely upon these concealments and/or omissions.

50.      Defendants knew the concealments and omissions to Plaintiff and Class members were deceptive, material and misleading.  Defendants undertook such fraudulent concealment and omissions with the intent to conceal the true facts from Plaintiff, Class members and the public. Defendants owe Plaintiff and the Class a duty to disclose the material facts they concealed and omitted because:

      a.      Defendants have superior knowledge;

      b.      Defendants made partial disclosures of policy pricing and information; and

      c.      Defendants engaged in active and fraudulent concealment of the true facts.

51.      The facts and information concealed and omitted by Defendants was material in that reasonable consumers would have considered it important in making their decision to purchase insurance, and could not make fully informed decisions because of the concealment and omissions of these material facts.

52.      Therefore, Plaintiff and Class members reasonably relied on the concealment and omissions of the Defendants and, as a result, suffered damages as set forth herein.

53.      The actions of the Defendants were intentional, fraudulent, willful, wanton, malicious and/or reckless, and in total disregard for the rights of the Plaintiff and Class members such that punitive (and/or exemplary) damages should be awarded to deter the actions of Defendants and others who might engage in similar action or conduct.

### COUNT III

### UNJUST ENRICHMENT

54.     Plaintiff incorporates by reference each of the allegations contained in the preceding paragraphs as if fully set forth herein.

55.     Defendants have knowingly received, and continue to receive, a substantial benefit at the expense of Plaintiff and Class members.

56.     It would be unjust and unconscionable to permit Defendants to enrich themselves at the expense of Plaintiff and Class members and to retain the excessive premiums that Defendants wrongfully obtained from Plaintiff and Class members.

### COUNT IV

### CONVERSION

57.     Plaintiff incorporates by reference each of the allegations contained in the preceding paragraphs as if fully set forth herein.

58.     Prior to entering into contracts of insurance with Plaintiff and Class members, Defendants were obligated to inform Plaintiff and Class members of the lowest available premium for auto insurance for each individual in part by virtue of both the Defendants' superior knowledge and by virtue of their obligation to avoid deceiving class members. Defendants nonetheless concealed from Plaintiff and Class members the existence of Defendants lower priced policies.

59.     Prior to issuing insurance policies to Plaintiff and Class members, Defendants requested and accepted from Plaintiff and Class members insurance premiums to which Defendants were not entitled. In so doing, Defendants intentionally and wrongfully deprived Plaintiff and Class members of their right to possession of their property in a manner inconsistent with that right.

-12-

Dec-20-02  01:23pm   From-BAKER & HOSTETLER LLP                3038617805               T-849   P.15/18   F-158

Dec-13-2002  01:00pm   From-                                                           T-787   P.017/020   F-062

60.     As a result of Defendants' intentional and wrongful conversion of their property, Plaintiff and Class members have suffered injury and damage.

### COUNT V

### CONSPIRACY

61.     Plaintiff incorporates by reference each of the allegations contained in the preceding paragraphs as if fully set forth herein.

62.     Defendants, acting together, conspired to develop and implement a deceptive and unlawful scheme to promote the sale of their higher priced auto insurance policies by concealing from Plaintiff and Class members the availability of lower priced identical policies.

63.     Pursuant to their scheme, Defendants sold thousands of higher priced auto insurance policies to Plaintiff and Class members, while concealing from them the availability of lower priced identical policies.

64.     Defendants have conspired to intentionally and purposely mislead Plaintiff and Class members by concealing from them the availability of lower priced policies for which they qualified, and by collecting excessive insurance premiums for higher priced policies that provide coverage levels and service identical to those provided by the readily available, lower priced policies.

65.     Defendants have conspired to purposely conceal the practice by which Defendants conceal from consumers the availability of lower priced policies providing the same coverage and service as the policies that Plaintiff and Class members were, in fact, sold.

66.     In furtherance of their conspiracy, Defendants never informed Plaintiff or Class members of the availability of lower priced policies providing the same coverage as the policies that Plaintiff and Class members were, in fact, sold.

-13-

67.   The intended common purpose of their conspiracy, and the deceptive and unlawful sales practices described herein, was to deceive Plaintiff and Class members by selling to them higher priced insurance policies that merely duplicated the coverage and service available under Defendants' lower priced policies that were readily available from Defendants' agents, and the existence of which policies Defendants were under a duty to disclose.

68.   As a result of Defendants' scheme, Plaintiff and Class members have suffered monetary damage by paying more for their auto insurance policies than they would have paid if Defendants had informed them that they could purchase lower priced identical policies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.   For an order certifying the Class and appointing Plaintiff and her counsel to represent the Class;

B.   Finding Defendants liable under each of the causes of action pleaded above;

C.   For an order awarding Plaintiff and Class members restitution and/or disgorgement and other equitable relief as the Court deems appropriate;

D.   For an order creating a constructive trust of the benefit of Plaintiff and Class members in an amount to be proved at trial;

E.   For compensatory and punitive damages for Plaintiff and the Class;

F.   For an order enjoining Defendants from continuing the misconduct described herein;

G.   For attorneys' fees and costs incurred in the pursuit of their action; and

-14-

Dec-20-02  01:24pm   From-BAKER & HOSTETLER LLP                3038617805        T-849  P.17/18  F-158

Dec-13-2002  01:00pm  From-                                                      T-787  P.019/020  F-062

H.    For an order awarding such other and further relief as this Court deems just

and proper.

Respectfully submitted this the 29th day of October, 2002.

Tom Thrash
ATTORNEY AT LAW
1101 Garland Street
Little Rock, AR  72201
(501) 374-1058
(501) 375-3141 (fax)
tomthrash@aol.com

Dewitt M. Lovelace
LOVELACE LAW FIRM, P.A.
36474 Emerald Coast Parkway, Suite 4202
Destin, FL 32541
(850) 837-6020
(850) 837-4093 (fax)
dml@lovelacelaw.com

Don Barrett
BARRETT LAW OFFICE, P.A.
404 Court Square North
P.O. Box 987
Lexington, MS 39095
(662) 834-2376
(662) 834-2628 (fax)
dbarrett@barrettlawoffice.com

Charles Barrett
BARRETT LAW OFFICE, P.A.
3319 West End Avenue, Suite 600
Nashville, TN 37203
(615) 386-8391
(615) 386-8392 (fax)
cfbarrett@barrettlawoffice.com

-15-

Dec-20-02  01:24pm   From-BAKER & HOSTETLER LLP          3038617805        T-849   P.18/18   F-158

Dec-13-2002  01:00pm   From-                                                T-787  P.020/020  F-062

Morris Ratner
LIEFF, CABRASER, HEIMANN &
BERNSTEIN. LLP
780 Third Avenue, 48th Floor
New York, NY 10017
(212) 355-9500
(212) 355-9592 (fax)
mratner@lchb.com

Scott Nealey
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
(415) 956-1000
(415) 956-1008 (fax)
snealey@lchb.com

R. Eric Kennedy
David Landever
WEISMAN, GOLDBERG & WEISMAN
CO., L.P.A.
1600 Midland Building
101 Prospect Avenue, West
Cleveland, OH 44115
(216) 781-1111
(216) 781-6747 (fax)
drozman@weismanlaw.com
dlandever@weismanlaw.com

PIERCE GORE
1209 Pine Street, #401
Nashville, TN 37203
(615) 726-4000
(615) 726-1031 (fax)
piercegore@yahoo.com

*Attorneys for Plaintiff and the Class*

-16-

Received  Dec-13-2002  12:39pm    From-202 7613070        To-              Page 019